

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

Secretary of the U.S. Department of
Veterans Affairs an Officer of the                    Plaintiffs
United States

Vs.                                                   Case Number: 1:25cv340 HSO-BWR

Nikesha M. Roberts

And/or Any Other Parties in                           Defendant

Interest whether known or unknown

## NOTICE OF REMOVAL TO FEDERAL COURT FOR CONTEMPT OF COURT, FICTITIOUS PLAINTIFF, DIVERSITY OF CITIZENSHIP

COMES NOW, the named Defendant and Real Party In Interest, and Grantor and Beneficiary of the NIKESHA MONIQUE SMITH™© Estate in Civil Action No. D2402.25.883 by and through Smith-Roberts Nikesha, hereby removes the case styled "**Secretary of the U.S. Department of Veterans Affairs an Officer of the United States Vs. Nikesha M. Roberts,**" from the County Court of Harrison County, Mississippi Second District, to the United States District Court, Southern District of Mississippi, Southern Division.

## I. DEFINITIONS

- FICTITIOUS PLAINTIFF – A person appearing in the writ, complaint, or record as the plaintiff in a suit, but who in reality does not exist, or who is ignorant of the suit and of the use of his name in it. It is a contempt of court to sue in the name of a fictions party.

This removal is based on the following grounds:

## GROUNDS FOR REMOVAL

### II. INTRODUCTION AND NATURE OF ACTION

This action is brought in pursuant to equal protection act for redress of deliberate injury to the Defendant/Real Party in Interest and trust corpus. Fictitious Plaintiff, acting without valid contract pursuant to Peonage Law, falsified title conveyances, and violations of TILA. The Fictitious Plaintiffs acts described herein constitute trespass, title trafficking, human trafficking through debt bondage, peonage, and securities fraud executed under color of law and in simulated legal process.

### III. PARTIES

Defendant/Real Party in Interest is Smith-Roberts Nikesha (Grantor and Beneficiary) of the NIKESHA MONIQUE SMITH™© Estate.

Plaintiff is a fictitious entity know as SECRETARY OF THE U.S. DEPARTMENT OF VETERANS AFFAIRS is a corporation located at 11988 EXIT 5 PKWY #4, FISHERS, IN 46037.

- Fictitious Plaintiff is a corporation and existing under the laws of the State of Indiana.

### IV. JURISDICTION

This Federal Court has subject matter jurisdiction over this action pursuant to (28 U.S.C. § 1331), as the claims arise under federal law and international treaty obligations binding upon the United States. Specifically, Defendant/Real Party in Interest invokes rights secured by the International Covenant on Civil and Political Rights (ICCPR), ratified by the United States in 1992, which forms part of the supreme law of the land under Article VI, Clause 2 of the U.S. Constitution. The Fictitious Plaintiffs actions described herein constitute unlawful interference with property, due process, privacy, and equal protection rights guaranteed under Articles 2, 14, and 17 of the ICCPR.

### V. FEDERAL QUESTIONS

The nature of this claim implicates substantive federal questions, including but no limited to:

- The Fair Credit Reporting Act (15 U.S.C. § 1681 et seq.)

- The Truth in Lending Act (15 U.S.C. § 1601 et seq.)

- The Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq.)

- The Racketeer Influenced and Corrupt Organizations Act (RICO) (18 U.S.C. § 1961 et seq.)

- Mail and Wire Fraud (18 U.S.C. §§ 1341, 1343)

- Peonage and Human Trafficking (18 U.S.C. §§ 1581–1595)

- The Privacy Act of 1974 (5 U.S.C. § 552a)

- Federal Regulations including (12 C.F.R. §§ 226 (Regulation Z), 1026.36, and 1024 (Regulation X))

- Civil rights violations under (42 U.S.C. § 1983) and related constitutional protections

Additionally, this Court has jurisdiction under (28 U.S.C. § 1332(a)) because there is complete diversity of citizenship between Defendant/Real Party in Interest and FicticiousPlaintiff, and the amount in controversy exceeds $75,000.00 USD (Seventy-Five Thousand), exclusive of interest and costs.

## VI. VENUE

Venue is proper in this district pursuant to (28 U28 U.S.C. § 1391(b)) because:

- The real property that is the subject of this action is situated in this district.

## VII. ESTABLISHMENT OF TRUTH

- <u>Allegation 1</u> – One count of violation: Public Law 80-772, (18 U.S.C. § 914) – **Penalty** $532,798,587.00 USD (Five Hundred Thirty-Two Million Seven Hundred Ninety-Eight Thousand Five Hundred Eighty-Seven) <u>Exhibit B (page 9) & I.</u> Defendant/Real Party in Interest beneficial interest was securitized into a Ginnie Mae mortgage-backed pool – MA7534SF, with fictitious reporting by FREEDOM MORTGAGE CORPORATION. It appears that FREEDOM MORTGAGE CORPORATION is acting as "**Secretary of the**

**U.S. Department of Veterans Affairs**," using addresses tied to Fishers, Indiana and not any federal agency.

- <u>Allegation 3</u> – One count of violation: Public Law 94-553 (17 U.S.C. § 501-504) and Fee Schedule – **Penalty** $500,000.00 USD (Five Hundred Thousand) per offense. <u>Exhibit A & F.</u> Ficticious Plaintiff knowingly accessed and utilized Defendant/Real Party in Interest Social Security number and estate identifiers without proper fiduciary delegation. Defendant/Real Party in Interest has revoked all Powers of Attorney.

- <u>Allegation 4</u> – One count of violation: Public Law Public Law 51-647 – **Penalty** $10,000,000.00 USD (Ten Million) – <u>Exhibit B</u>. Fictitious Plaintiffs legal counsel(s) are participant(s) in violation RICO and Sherman Antitrust Act section 1, (15 U.S.C. § 1) by facilitating the fraudulent transfer of titles to private property without lawful endorsement, fiduciary authority, or verified consent.

  The mischaracterizing private property as "abandoned inventory" or "liquidated real estate" for resale absent a judicial decree, validation of purported debt, valid ledger, or Defendant/Real Party in Interest written consent constitute trade and denial of market remedies. By colluding with third-party entities to simulate ownership transfers (e.g., via Substitute Trustee Deeds, manufactured recordation, and shell LLCs), Fictitious Plaintiff and their counsel engaged in a horizontal agreement that suppresses private property.

- <u>Allegation 5</u> – One count of violation: Public Law 95-109 – **Penalty** – $500,000.00 USD (Five Hundred Thousand) – <u>Exhibit C.</u> Pursuant to (15 U.S.C. § 1692e), it is unlawful to use any false, deceptive, or misleading representation in connection with the collection of any debt, including falsely representing the character, amount, or legal status of any obligation. Ficticious Plaintiff's issuance of default notices, enforcement threats, and phantom accounting entries constitutes a deceptive practice under the Fair Debt Collection Practices Act (FDCPA) and may also fall under (18 U.S.C. § 1341) (mail fraud) and (18 U.S.C. § 1343) (wire fraud), where fictitious tradelines and unverified liens were introduced into federal systems.

- <u>Allegation 6</u> – One count of violation: Public Law 94-553 (17 U.S.C. § 506(a)) – Copyright Act, Gramm-Leach-Bliley Act (15 U.S.C. § 6801), – **Penalty** $800,000.00 USD (Eight Hundred Thousand) per offense. <u>Exhibit B & C.</u> A full comprehensive report (TLOxp) reveals unauthorized use and manipulation of Defendant/Real Party in Interest private identifying information specifically estate-linked identifiers in violation of fiduciary, commercial, and trust law. Multiple revolving mortgage tradelines, irregular data discrepancies, and synthetic entry patterns were observed across systems maintained by TransUnion, Experian, and affiliated entities. These entries, absent any lawful delegation, verified contract, or fiduciary grant, reflect a pattern of synthetic identity trafficking, asset pooling, and unauthorized securitization.

- <u>Allegation 7</u> – One count of violation: Public Law 103-322, (18 U.S. Code § 2071) – **Penalty** $600,000.00 USD (Six Hundred Thousand) <u>Exhibit B (pages 9-11).</u> Tax Assessor records via comprehensive report (TLOxp), confirm that Defendant/Real Party in Interest private dwelling held in trust trust transferred between FREEDOM MORTGAGE CORPORATION, and "**Secretary of the U.S. Department of Veterans Affairs,**" and various affiliated proxies, without any notice to, authorization from, or compensation to the rightful owner. It appears these assessments occurred before any purported transfer process was even initiated, exposing not only concealment but premeditated conveyance fraud. The timeline itself reveals an impossibility: The property appears to have been reassigned and reassessed prior to any purported default, transfer, or judicial process, suggesting engineered time-lapse of record continuity, artificial retroactive staging of events, and deliberate falsification of cause and effect. The timeline was deliberately manipulated, fabricating title injuries that never occurred in law or truth. This artificial sequencing further demonstrates that the sale was not an outcome, but a pre-orchestrated scheme as lawful process.

- <u>Allegation 8</u> – One count of violation: Public Law 97-297 (18 U.S.C. §§ 1001, 1341, 1343), for falsified filings; Public Law 101-73 (FIRREA) for fraudulent financial representations; Public Law 111-203 (Dodd-Frank Act) for deceptive

and abusive acts in financial reporting; and Public Law 73-22 (Securities Act of 1933) for misrepresentation of value in securitized instruments – **Penalty** $20,000,000.00 USD (Twenty Million) Exhibit B. As verified in the comprehensive report (TLOxp) (page 6), it is alleged that "NIKESHA M ROBERTS" sold the property to FREEDOM MORTGAGE CORPORATION for $283,973.00 (Two Hundred Eighty-Three Thousand Nine Hundred Seventy-Three). However, there exists no evidence of any monetary consideration. No check, cheque, wire transfer, or certified payment instrument ever issued to the Defendant/Real Party in Interest. The absence of compensation not only rebuts the presumption of a lawful sale but further evidences a synthetic transaction for purposes of securitization, and title conversion. This raises serious concerns regarding the falsification of consideration, and manipulation of both public and private registries.

- Allegation 9 – One count of violation: Public Law 80-772 (18 U.S.C. § 1581) Peonage – **Penalty** $300,000.00 USD (Three Hundred Thousand) Exhibit D & G. Credit agency files reflect a purported mortgage account attributed to the Defendant/Real Party in Interest that is marked as "closed on 12/31/1969," yet still reflects a balance of $335,912 (Three Hundred Thirty Five Thousand Nine Hundred Twelve) without any 30/60/90-day delinquency history. This phantom account, lacking verified origin, is being used to simulate debt and undermine the Defendant/Real Party in Interest's creditworthiness through misleading and fabricated reporting. Notably, the date of purported closure is chronologically prior to the Defendant/Real Party in Interest's biological existence, a temporal impossibility that evidences deliberate manipulation, and constitutes a temporal fabrication engineered to misrepresent causality and contractual reality.

- Allegation 10 – One count of violation: Public Law 91-452 (18 U.S.C. § 1961(1)) – **Penalty** $282,084.00 USD (Two Hundred Eighty-Two Thousand Eighty-Four) – Exhibit E & G. Credit profile entries confirm a phantom tradeline associated with FREEDOM MORTGAGE CORPORATION showing an artificial debit of $282,084.00 (Two Hundred Eighty-Two Thousand Eighty-Four), immediately followed by a matching credit of $282,084.00 a circular accounting maneuver unsupported by any lawful consideration, wet-ink contract, or verified financial transaction. This artificial loop constitutes evidence

of fictitious entry, double-book accounting, and fraud by inducement, commonly utilized in unlawful securitization schemes.

Said entry was removed in full following a formal Consumer Financial Protection Bureau (CFPB) complaint, where the Ficticious Plaintiff failed to demonstrate:

- Standing as a valid creditor or holder in due course,

- Jurisdiction over the estate, and

- Authority to report such obligation under the Fair Credit Reporting Act (15 U.S.C. § 1681s-2) or applicable Treasury and SEC rules. *See case Case 9:23-cv-81373-DMM, CONSUMER FINANCIAL PROTECTION BUREAU vs FREEDOM MORTGAGE CORPORATION.*

- Allegation 11 – One count of violation: Public Laws 106-102, 103-62, 105-277, and 105-318, in addition to Public Law 91-452 (RICO) – **Penalty** $170,000.00 USD (One Hundred Seventy Thousand) – Exhibit F & H. An active and perfected security interest was recorded pursuant to (UCC § 9-502 and § 9-503), with the secured party holding lawful title and standing. On or about September 4, 2025, an unsolicited email request was issued by Lorelei Bolohan requesting a UCC-1 Termination Statement without authority, contract, or verified claim. The request is rejected in full and preserved as evidence of unlawful interference.

- Allegation 12 – One count of violation: Public Law 91-452. – **Penalty** $50,000,000.00 USD (Fifty Million) – Exhibits: A-I. These actions rise to the level of racketeering activity under the Racketeer Influenced and Corrupt Organizations Act (RICO), codified at (18 U.S.C. §§ 1961–1968), enacted under Public Law 91-452, Title IX (Oct. 15, 1970), Fictitious Plaintiff engaged in a pattern of racketeering activity, including:

    - Use of false and misleading representations in commerce and public filings (15 U.S.C. § 1692e) Public Law 95-109;

    - Issuance of phantom tradelines and unauthorized debt assignments without fiduciary delegation;

- Falsified conveyances and transfers of title into securitized pools with no verified contract or lawful consideration;

- Use of U.S. Mail and electronic systems to advance said scheme (18 U.S.C. §§ 1341, 1343) Public Law 97-258;

- Participation in a simulated legal process to enforce nonexistent obligations in violation of (18 U.S.C. § 241 and § 242) conspiracy against rights and deprivation of rights under color of law.

Collectively, these constitute predicate acts under (18 U.S.C. § 1961(1)), triggering civil RICO remedies. The matter exceeds the threshold of statutory harm and includes trust asset misappropriation, trespass, and administrative conspiracy against Defendant/Real Party and trust.

## VIII. CAUSE OF ACTION

### TOTALITY OF PERSONAL INJURY AND DAMAGES

Defendant/Real Party in Interest household has suffered harm. These injuries are present, ongoing, and traceable to the actions of the Ficticious Plaintiff and its agents. Defendant/Real Party in Interest with household members are enduring emotional distress, daily life is being invaded by the need to monitor fraudulent actions and defend against unlawful fraudulent claims.

Defendant/Real Party in Interest has been stalked and harassed at private dwelling by unverified individuals posing as field workers, presenting bandages or titles affiliated with entities not registered in the Mississippi Secretary of State datatbase. – Exhibit J

Defendant/Real Party in Interest respectfully request monetary relief in the sum of $615,941,671.00 USD (Six Hundred Fifteen Million Nine Hundred Fifty-One Thousand Six Hundred Seventy-One)

Monthly Interest Conversion based on Ginnie Mae pool MA7534MSF – Exhibit I: $21,311,943,465.00 x 2.25% = $479,518,727.96.

Totaling a redress amount of: Six Hundred Fifteen Million Nine Hundred Fifty-One Thousand Six Hundred Seventy-One

Defendant/Real Party in Interest also asks that her private dwelling be removed from the real-estate records as part of redress, along with such further lawful, and all remedies public or private as this Court, sitting in conscience and honor, may deem just and proper.

Defendant/Real Party in Interest reserves the right to amend this claim to include further damages as may be discovered.

## IX. PRAYER FOR RELIEF

We pray full release and relief from all injury, harm, and unjust enrichment arising from the acts and omissions described herein. We seek the restoral of peace and quiet enjoyment in full, as secured by trust, equity, and law.

Let no man or entity, in time or beyond, claim right, title, or interest in my sacred dwelling under false pretense, forged standing, or shadow of law.

Value diminished is a tort; harm done is a civil wrong. The injury sustained by Defendant/Real Party in Interest is actual, emergent, and ongoing.

*"Leviticus 25:23: The land shall not be sold for ever: for the land is mine, for ye are strangers and sojourners with me."*

## X. ACKNOWLEDGEMENT

I declare under penalty of perjury that everything is true and correct to the best of my knowledge and belief.

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be electronically served to the Plaintiffs counsel, and a copy will be filed with the state court clerk.

Age: 14 November 2025

### CERTIFICATE OF SERVICE

I hereby hand delivered and filed the forgoing Notice of Removal with the Clerk of the Court.

Age: 14 November 2025

Without Prejudice,

By: _____

Smith-Roberts Nikesha

For "Nikesha M Roberts"

C/o 296 Beauvoir Rd. Ste 100

Biloxi, Mississippi c045

Email: eyeop@proton.me

307-426-6945

All Rights Reserved