# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **SECRETARY OF THE U.S. DEPARTMENT OF VETERANS AFFAIRS, an Officer of the United States** | § § § § § § | **PLAINTIFF** |
| **v.** | § § § | **Civil No. 1:25cv340-HSO-BWR** |
| **NIKESHA M. ROBERTS, and/or Any Other Parties in Interest Whether Known or Unknown** | § § § § | **DEFENDANTS** |

## ORDER ABSTAINING FROM THE EXERCISE OF JURISIDCTION AND REMANDING CASE TO STATE COURT

This matter is before the Court sua sponte to consider its subject-matter jurisdiction and whether it should abstain.  Because the Court questioned whether it possessed federal subject-matter jurisdiction at the time of removal, it ordered the parties to brief the existence of subject-matter jurisdiction and whether it should abstain.  *See* Order [4].  Having reviewed the parties' Responses [5], [7], the Court finds that to the extent it possesses original subject-matter jurisdiction, it should abstain from exercising it, and that this case should be remanded to the County Court of Harrison County, Mississippi, Second Judicial District.

## I.  BACKGROUND

On October 9, 2025, Plaintiff Secretary of the U.S. Department of Veterans Affairs, an Officer of the United States ("Plaintiff" or the "Secretary"), filed a "Complaint in Unlawful Entry and Detainer" in the County Court of Harrison

County, Mississippi, Second District, naming as Defendants Nikesha M. Roberts ("Roberts") and/or Any Other Parties in Interest Whether Known or Unknown. Compl. [1-1] at 1.  Plaintiff seeks the removal of Roberts from certain residential real property and an award of damages.  *See id.* at 2.

On November 14, 2025, Roberts filed a Notice of Removal [1], invoking federal question jurisdiction pursuant to 28 U.S.C. § 1331.  *See* Notice [1] at 1-2. The Notice [1] states that "the claims arise under federal law and international treaty obligations binding upon the United States," *id.* at 2, and lists a host of federal statutes that "[t]he nature of this claim implicates," *id.*; *see id.* at 2-3. Alternatively, Roberts asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  *See id.* at 3.   No motion to remand was filed.

On February 12, 2026, the Court entered an Order [2] requiring Roberts to show cause why this case should not be remanded for lack of subject-matter jurisdiction.  *See* Order [2] at 6.   In response, Roberts conceded that there is no diversity jurisdiction, *see* Resp. [3] at 3, but argued that there were several bases upon which the Court could exercise federal question jurisdiction, *see id.* at 1-4, including under 28 U.S.C. § 1345, "which grants federal district courts jurisdiction over civil actions commenced by the United States, or by any agency or officer thereof expressly authorized to sue by Act of Congress," *id.* at 2.

The Court entered another Order [4] requiring the parties to brief the existence of subject-matter jurisdiction and whether it should abstain from exercising it.  *See* Order [4].  The parties take opposing views.  *Compare* Resp. [5],

*with* Resp. [7].  Roberts argues that federal question jurisdiction exists, that any procedural defect in removal was waived, and that abstention is not warranted.  *See* Resp. [5] at 2-4.  Plaintiff counters that the Court lacks subject-matter jurisdiction but that, even if jurisdiction exists, it should abstain from exercising it.  *See* Resp. [7] at 2-8.

## II.  <u>DISCUSSION</u>

The Court agrees with Plaintiff that, even if federal subject-matter jurisdiction exists, abstention is warranted here "as a matter of sound equitable discretion."  *Burford v. Sun Oil Co.*, 319 U.S. 315, 318 (1943).  Under *Burford* abstention, a court may abstain from exercising its equity jurisdiction "where the issues 'so clearly involve basic problems of [State] policy' that the federal courts should avoid entanglement."  *Aransas Project v. Shaw*, 775 F.3d 641, 649 (5th Cir. 2014) (alteration in original) (quoting *Burford,* 319 U.S. at 332).

Foreclosure and possessory actions such as this one are primarily matters of state law and are summary proceedings created by state law.  Federal courts have recognized that the state courts have a superior ability to efficiently handle eviction actions, which federal courts are ill-equipped to adjudicate, such that abstention under *Burford* is often appropriate in such cases.  *See Fed. Home Loan Mortg. Corp. v. Briggs,* 556 F. App'x 557, 558 (8th Cir. 2014).  "Indeed, many courts have concluded that the state's interest in adjudicating foreclosure and eviction proceedings is so important that it alone warrants abstention under the *Burford* abstention doctrine."  *Parham v. Nationstar Mortg., LLC,* No. CV 14-3376, 2016 WL

4402046, at *4 n.3 (W.D. La. Aug. 17, 2016). Given the nature of the present eviction action, the comprehensive framework under Mississippi law for efficiently processing large numbers of similar actions in state court, and the state interests involved, the Court finds it should abstain. *See* Miss. Code Ann. § 11-25-101, et seq.; *Burford*, 319 U.S. at 318; *Briggs,* 556 F. App'x at 558; *Parham,* 2016 WL 4402046, at *4 n.3.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED,** that the Court **ABSTAINS** from exercising federal subject-matter jurisdiction, that this civil action is **REMANDED** to the County Court of Harrison County, Mississippi, Second Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 18th day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE